**E-FILED**
Tuesday, 06 November, 2012  06:46:49 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ARCHER-DANIELS-MIDLAND COMPANY AND ADM LATIN AMERICA, INC., <br><br> Petitioners, <br><br> v. <br><br> REGIS PAILLARDON, <br><br> Respondent. | ) ) ) ) ) ) ) ) ) ) ) )  Case No.: 2:12-cv-02227-MPM-DGB |

**RESPONDENT REGIS PAILLARDON'S
RESPONSE IN OPPOSITION TO PETITIONERS'
MOTION FOR LEAVE TO FILE AN OVERSIZED REPLY BRIEF**

BECKETT & WEBBER, P.C.
Andrew W. B. Bequette
508 S. Broadway Avenue
P.O. Box 17160
Urbana, IL 61803-7160
Tel: 217-328-0263
Fax: 217-328-0290
andrew@beckettwebber.com

– and –

SALANS LLP
Anthony B. Ullman (Bar No. 1981349)
Rockefeller Center
620 Fifth Avenue
New York, NY 10020-2457
Tel: 212-632-5500
Fax: 212-632-5555
aullman@salans.com

1557314

Respondent Regis Paillardon responds to the motion of Archer Daniels Midland Co. and ADM Latin America, Inc. (collectively, "ADM") for leave to file an oversized reply brief ("Motion") as follows:

1. Paillardon respectfully requests that the motion be denied.[1]  ADM has presented no valid reason justifying a reply.

As ADM recognizes, Local Rule 7.1(B)(3), which is applicable here, provides that no reply is allowed.  ADM further was presumably aware of the briefing rules of this Court when it elected to file its motion to vacate here, instead of in the first-filed Florida action (Paillardon v. Archer-Daniels-Midland, No. 1:12-cv-22693-JEM (S.D. Fla.), in which, under the Local Rules in effect there, replies are permitted as of right.  (S.D. Fla. Local Rule 7.1(c).)  Having made that election, ADM must now abide by the Rules of this Court.

Also, on the merits, no reply is necessary.  The issues raised by ADM's motion present are not complicated and are easily addressed through application of settled law.  As to the specific items pointed to by ADM:

(a) while ADM says it wants to reply to Paillardon's showing that, contrary to ADM's assertions, the Arbitrator did not "find" that ADM breached the JVA by stopping its performance thereunder independent of and apart from its unilateral termination (Motion, 2), ADM in its

---

[1] ADM states that it contacted opposing counsel to ascertain whether they consented to or opposed this motion but did not receive a response as of the time of filing.  To put that in context, counsel for ADM sent an email to counsel for Paillardon, requesting consent to this motion, at approximately 10:17 a.m. on October 26, 2012.  The email did not request a response by any particular time or indicate when ADM intended to file its proposed motion.  Without any further communication with Paillardon's counsel, ADM then filed the instant motion at approximately 5:30 p.m. that same day.

proposed reply (at 5) in fact effectively **concedes** that Paillardon was right on that and states that it is no longer pressing the argument;[2]

(b) while ADM says that it wants to reply in order to try to show that there was no evidence supporting the Arbitrator's damages determination (Motion, 2), that contention is not reviewable on a motion to vacate.  See, e.g., Flexible Mfg. Sys. Pty. Ltd. v. Super Prods. Corp., 86 F.3d 96, 100 (7th Cir. 1996) ("It was for the arbitrator to decide who breached the agreement first, and **what damages were recoverable as a consequence**.  The panel did so, and that was the end of it.") (emphasis added); Gingiss Int'l v. Bormet, 58 F.3d 328, , 333 (7th Cir. 1995) (holding that respondents' arguments that "[claimant] failed to prove any damages caused by the [respondents] are nothing more than thinly veiled attempts to obtain appellate review of the arbitrator's decision, which is not permitted under the FAA"); Eljer Mfgr., Inc. v. Kowin Devel. Corp., 14 F.3d 1250, 1256 (7th Cir. 1994) (rejecting motion to vacate based on contention that multi-million dollar award lacked evidentiary support; "[i]nsufficiency of the evidence is not one of the grounds" for vacating an award as set forth in 9 U.S.C. § 10); and

(c) while ADM contends that Paillardon raised a number of "novel" legal arguments in response to its "public policy" ground for vacatur (Motion, 2-3), that plainly is not so.  In his memorandum in opposition to ADM's petition, Paillardon merely pointed out that ADM's arguments failed to establish the elements that must be met to vacate an arbitral award on grounds of "public policy," as enunciated clearly by the U.S. Supreme Court as well as the

---

[2] At p. 2 of its motion, ADM asserts that "Paillardon did not dispute" that the Arbitrator's "determination" that ADM breached the JVA "contradicted the express terms of the contract." That assertion makes no sense.  In his memorandum in opposition to the petition to vacate, Paillardon demonstrated that the Arbitrator did not in fact make any such "determination."  (See Paillardon's Memorandum of Law in Opposition to ADM's Petition to Vacate, dated October 12, 2012, pp. 13-15.)  Since no such "determination" was made, the "contradiction" alluded to by ADM (between the JVA and a non-existent "determination") could not exist either.

2

Seventh Circuit.  ADM now wants another shot at it—but that is not a proper justification for a reply.

2.  In the event that the Court decides to grant ADM leave to file its proposed oversized reply brief, then, to preserve the order of briefing established under the Local Rules and provide Paillardon with an opportunity to respond to ADM's newly-proffered reply arguments, Paillardon respectfully requests that he correspondingly be granted leave to file and oversized reply brief of no more than 15 pages, in the form attached hereto.

Dated:  November 6, 2012

Respectfully Submitted,

**REGIS PAILLARDON**

By: /s/ Andrew W. B. Bequette
        Andrew W. B. Bequette

BECKETT & WEBBER, P.C.
508 S. Broadway Avenue
P.O. Box 17160
Urbana, IL 61803-7160
Tel: 217-328-0263
Fax: 217-328-0290
E-mail: andrew@beckettwebber.com

- and -

Anthony B. Ullman (Bar No. 1981349)
SALANS LLP
Rockefeller Center
620 Fifth Avenue
New York, NY 10020-2457
Tel: 212-632-5500
Fax: 212-632-5555
E-mail: aullman@salans.com

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of November, 2012, I electronically filed the foregoing pleading with the Clerk of Court using the CM/EFC system, which will send notification of such filing to the following:

**Jon R Fetterolf**
WILLIAMS & CONNOLLY
725 12th St NW
Washington, DC 20005-5901
202-434-5351
Fax: 202-434-5029
Email: jfetterolf@wc.com

**Jerrold H Stocks**
FEATHERSTUN GAUMER POSTLEWAIT STOCKS FLYNN & HUBBARD
Suite 200
225 N Water St
PO Box 1760
Decatur, IL 62525-1760
217-429-4453
Fax: 217-425-8892
Email: jstocks@family-net.net

**Ryan Patrick McCarthy**
WILLIAMS & CONNOLLY
725 12th St NW
Washington, DC 20005-5901
202-434-5157
Fax: 202-434-5029
Email: rmccarthy@wc.com

Respectfully Submitted,

By: /s/ Anthony B. Ullman
Anthony B. Ullman

(Bar No. 1981349)
SALANS LLP
Rockefeller Center
620 Fifth Avenue
New York, NY 10020-2457
Tel: 212-632-5500
Fax: 212-632-5555
E-mail: aullman@salans.com

4

1557314