UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ARCHER-DANIELS-MIDLAND COMPANY and ADM LATIN AMERICA, INC., <br><br>Plaintiffs,<br>v.<br><br>REGIS PAILLARDON,<br><br>Defendant. | Case No. 12-CV-2227 |

## ORDER

On May 3, 2013, this court entered an Opinion (#24) in this case. This court denied Plaintiffs' Petition to Vacate Arbitration Award (#1) and terminated the case. Plaintiffs filed a Notice of Appeal (#26), and the case is currently pending on appeal before the Seventh Circuit Court of Appeals. The Seventh Circuit's records show that oral argument was held on November 6, 2013, and no ruling has been made by the Seventh Circuit.

On January 8, 2014, Plaintiffs filed a Motion for Relief from Judgment (#33), brought pursuant to Rule 60(b)(2) and (b)(3), which asked this court to vacate the arbitration award. Plaintiffs attached lengthy exhibits to its Motion. Plaintiffs also filed a Motion for Hearing (#34), a Motion to Amend/Correct Original Petition to Vacate (#35), a Motion for Issuance of Letters Rogatory (#36) and a Motion to Amend/Correct Attachment to Motion for Relief from Judgment (#37). On January 17, 2014, Defendant filed a Motion for Extension of Time to Respond to Plaintiffs' Motions (#39).

Generally speaking, once a notice of appeal is filed, a district court is divested of

jurisdiction over those aspects of the case involved in the appeal. *S & S Sales Corp. v. Marvin Lumber & Cedar Co.*, 457 F. Supp. 2d 903, 905 (E.D. Wis. 2006), *citing Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The purpose of this rule is to promote judicial economy and avoid the confusion that would ensue from having the same issue before two courts simultaneously. *S & S Sales*, 457 F. Supp. 2d at 905. Plaintiffs' Motion for Relief from Judgment, and the motions related to it, involve the same judgment which is currently pending on appeal. Therefore, this court does not have jurisdiction to consider the motions.

On page 12 of Plaintiffs' 21-page Motion for Relief from Judgment, Plaintiffs acknowledge in a short paragraph that "[w]hile the appeal is pending, this Court lacks authority to grant this motion." Plaintiffs then state that "should this Court believe that it would grant this motion or that the motion raises a substantial issue, ADM will promptly notify the Seventh Circuit, and request that the Seventh Circuit remand the case to this Court for further proceedings," citing Fed R. App. P. 12.1.

Rule 62.1 of the Federal Rules of Civil Procedure provides:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion;

2

>   (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a). This court concludes, in its discretion, that the best way to handle the Motion for Relief from Judgment is to defer ruling on the Motion, and the Motions related to it. Plaintiffs filed a lengthy Petition to Vacate Arbitration Award, with voluminous exhibits. This court carefully and thoroughly considered the parties' filings in determining that the Petition should be denied. That ruling is currently on appeal, and the Seventh Circuit's docket shows that voluminous filings have been made by the parties in the Seventh Circuit. This court concludes that the Seventh Circuit should issue its decision before this court considers Plaintiffs' new filings. If the Seventh Circuit reverses, Plaintiffs will not need any relief from this court. If the Seventh Circuit affirms, this court can rule on Plaintiffs' new filings at that time. This court therefore concludes that Plaintiffs' Motions should be dismissed, with leave to refile when the case is no longer on appeal.

IT IS THEREFORE ORDERED THAT:

(1) Pursuant to Rule 62.1 of the Federal Rules of Civil Procedure, this court has decided, in its discretion, to defer consideration of Plaintiffs' Motion for Relief from Judgment (#33), and the motions related to it.

(2) Plaintiffs' Motions (#33, #34, #35, #36, #37) are dismissed with leave to refile when the case is no longer on appeal.

(3) Because of this ruling, Defendant's Motion for Extension of Time to Respond to Plaintiffs' Motions (#39) is MOOT.

ENTERED this 21st day of January, 2014.


s/MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE